UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 3:03cr105(RNC) |
| | : | |
| v. | : | |
| | : | |
| **CHERYL CAINES** | : | January 7, 2005 |

## UNITED STATES' SENTENCING MEMO

On July 14, 2004, the defendant pleaded guilty to Count One of a Substitute Information that charged her with possession with intent to distribute and distribution of a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).  As part of the plea agreement, the parties stipulated that the defendant's offense conduct involved at least 50 grams, but less than 150 grams, of crack cocaine.

On August 31, 2004, the United States Probation office issued its initial disclosure of the Presentence Report (hereinafter the "PSR").  It calculated the defendant's base offense level to be 30.  Four levels were subtracted in light of the defendant's minimal role and three levels were subtracted because of the defendant's acceptance of responsibility, resulting in a total offense level of 23.  With a criminal history category of V, the defendant is exposed to a period of incarceration of 84-105 months.

-2-

## Discussion

This case stems from an investigation into the sale of crack cocaine on Enfield Street in Hartford. The evidence in this case showed that Harvey Ramsey, a.k.a. "Breaker," played a pivotal role in the distribution of significant quantities of crack cocaine. As a sophisticated drug dealer, Ramsey used others to insulate himself from directly distributing the narcotics. One of those individuals was Cheryl Caines.

The investigation in this case revealed that Caines did not sell crack herself, but directed potential buyers to various sellers on Enfield Street. She also delivered narcotics to buyers. Harvey Ramsey, who was sentenced to 108 months in federal prison, was the principal supplier on Enfield Street and provided buyers - - and other drug dealers - - with multiple ounce quantities of crack cocaine. As documented in the PSR, the defendant delivered crack cocaine to a FBI CW on two occasions for Ramsey. She also directed buyers to other, lower level drug dealers. For these efforts, she received either small amounts of money or narcotics.

Paragraph 79 of the PSR indicates that a downward departure may be warranted in light of the defendant's mental state. Section 5H1.3 of the Sentencing Guidelines states that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside of the Guideline

-3-

range, except as provided in [U.S.S.G. § 5K2.0]." To depart under § 5K2.0, it is well settled that the court must conclude that the defendant's situation is extraordinary. See e.g. United States v. Rivera, 192 F. 3d 81, 84-5 (2d Cir. 1999). Further, the defendant must show that the mental condition "contributed to the defendant's commission of the offense." Rivera, 192 F.3d at 85 (2d Cir.1999); see also United States v. Reinoso, 350 F.3d 51, 57 (2d. Cir. 2003).

There is no question that the defendant in this case has serious mental health issues. Further, it is also apparent that the defendant has made repeated attempts at rehabilitation. On January 7, 2004, defense counsel informed the Government that he would request a downward departure for these and other reasons under Koon and its progeny. The Government will respond once it receives the defendant's motion and is filing this memorandum now in light of the fact that sentencing is scheduled for Monday, January 10, 2005.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                RAYMOND F. MILLER
                ASSISTANT UNITED STATES ATTORNEY
                450 MAIN STREET
                HARTFORD, CT 06103
                Tel. (860) 947-1101
                Federal Bar No. ct20451

-4-

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing memorandum was faxed on January 7, 2005 to

John Andreini, Esq.

Otto Rothi, USPO

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY